Samuel H. Hofstabter, J.
Defendants move for dismissal of each of the causes stated in the complaint.
The first cause is stated against the individual defendants in prima facie tort. It is alleged that on or about June 26,1958, the corporation had outstanding 315,150 shares of its common stock, and that at such time plaintiff owned 89,888 shares while four of the individual defendants as a group owned a total of 72,833 shares. Despite plaintiff’s preponderant holding, the allegations respecting the officers and directors of the corporation are intended to establish executive, financial and directorial control in the defendants.
Major differences had arisen between the plaintiff and the defendants over the management of the corporation by the defendant Herman Fialkov, by reason of which plaintiff decided -to sell his stock, for which purpose a public offering was necessary. It was therefore also necessary that the corporation comply with the Securities Act of 1933 (U. S. Code, tit. 15, § 77-a et seq.) and the S. E. C. regulations by preparation and filing of a registration statement and the preparation of a prospectus for distribution upon the sale of such stock. The allegation of necessity is conclusory, for the plaintiff could sell privately or publicly to individuals and not by distribution. He could sell by distribution by reason of waiver in the event the issuer, the corporation, refuses to register the listed stock to be sold in *611 the manner required by the Securities and Exchange Commission.
It is alleged that subsequent to May 19, 1958, the defendants conspired to and did wrongfully and in abuse of their powers repudiate the agreement to register reached as alleged in May 1958, threatening to inflict serious financial harm upon the plaintiff by refusal to perform unless plaintiff withheld a substantial number of his shares from sale and gave to four of the individual defendants, for their own private benefit, options to purchase at $21 per share the shares thus withheld from sale, the option to be exercisable for a period of three years from the effective date of the registration statement, and other unconscionable, onerous and improper conditions were imposed.
It is further alleged, upon information and belief, that prior to June 26, 1958, the defendants were advised that if they received the options they might be held accountable to the corporation, but if the options were to run to the corporation, it could then grant like options to the individuals which would qualify them as “ restricted stock options ”, and for favorable tax treatment to the defendants under the Internal Revenue Code of 1954 (TI. S. Code, tit. 26, § 1 et seq.). Thereupon the defendants changed their demand for personal options to a demand for an option to run in favor of the corporation. Thus the defendants, in bad faith and in abuse of their powers as officers and directors, and in violation of their duties to the plaintiff, required him, as a condition to their yielding to plaintiff’s demand, to enter into an agreement with the corporation. It provided, among other things, that the corporation would have an option to purchase 16,000 shares of plaintiff’s stock at any time within three years from the effective date of the registration at $21 per share, that the stock was to be placed in escrow, and it was placed in escrow. There is no allegation, however, that the individual defendants were granted an option by the plaintiff or by the corporation.
In this dealing with the corporation the plaintiff is in such contractual relationship to it as any other third party would be and the duty of the defendants runs to the corporation. The agreement finally reached on June 26, 1958, whose negotiation and execution is claimed to be the instrumentality of the tort, also contained a restrictive covenant against the plaintiff and provided that plaintiff was to pay substantially more than his proportionate share of the expenses of the statement which covered not only the stock to be sold by the plaintiff but other securities of the corporation. Four of the named defendants, as directors of the corporation voted in favor of requiring plain *612 tiff to execute and deliver the instrument as a condition to compliance with plaintiff’s demand.
In sum, plaintiff contends that because of the differences he elected to sell his stock, and did so through the means of the corporation filing a registration statement and preparing a prospectus which embraced a contract obliging the plaintiff to option some of the stock to the corporation. Not only does the explanation of the transaction appear on the face of the complaint, but there is no allegation that defendants did in fact benefit. The action of the defendánts is not wrongful merely because it was taken in concert. Nor is there any actionable injury, for what plaintiff complains of as injury is rather the fruit of what he deems to be a bad bargain, unless the injury is coupled with wrongful self-seeking conduct and benefit requiring explanation. Plaintiff does not attack the agreement, seeking relief with respect to it, but rather he charges a prima facie tort and bases his contentions upon the securing, by the defendant officers, of a contract between the plaintiff and the corporation which the latter had a right to make regardless of its considerations, unless the ádditional suggested factor is made to appear. The first cause of action is insufficient.
The agreement of June 26, 1958, contained a restrictive covenant against the plaintiff, curtailing his privilege to engage in business and in the use of a business name. By the second cause plaintiff seeks a declaration enjoining the defendants from enforcing or attempting to enforce against the plaintiff the provisions of the restrictive covenant or, alternatively, declaring that the agreement does not bar or prohibit the plaintiff from engaging in business now undertaken by him. The defendant corporation has instituted suit against this plaintiff and others for injunctive relief which tenders the issue here involved. Since the defense to that action will provide the plaintiff with the remedy he requires, it is unnecessary to obtain a declaration, and the court declines to entertain jurisdiction, particularly since others interested in any such determination- upon the validity of the restrictive covenant, and who are not parties here, are parties in the other action. The second cause is insufficient.
The third cause also seeks a declaratory judgment with •respect to the validity of the indemnity provision contained in the agreement, plaintiff contending it is unenforcible. Defendants urge that declaratory judgment will not lie and that the third cause is otherwise insufficient. It is alleged that unless relief by injunction or declaratory judgment is granted, plaintiff will be subjected to potential liability under the indemnity *613 agreement and may be required to incur expense and loss of time in the defense of claims thereunder. A determination here will not set at rest any complaint raised by a third party under the registration statement and there is no allegation that any claim has been asserted against the plaintiff under the indemnity provision, which relates to claims arising pursuant to the registration statement. The indemnification formed part of the registration statement inducing the purchase by third parties of the stock distributed. If a third-party claim is raised and defendants then claim indemnification, plaintiff’s responsibility to the defendants can be determined once and for all and the defense will incur only a single expense. The need for such determination and expense now is academic and unnecessary. The third cause is insufficient.
The fourth cause of action rests on statements made by the defendants to third parties and which related to the subject matter of the restrictive covenant, and which were spoken with intent to injure. Defendants urge that the words used represented a reasonable and proper interpretation of the covenant. Accordingly, they were privileged to interfere in the relations of plaintiff with third parties by the assertion and protection in good faith of a protected interest of their own which they believed would otherwise be adversely affected, even though they knew such activity would injure the plaintiff. This indeed is justification for an injury inflicted, if good faith there was, and in addition there existed the right or interests which defendants believed they were protecting in good faith. These factors are negatived by the allegations of the fourth cause, which for present purposes must be deemed to be true. The restrictive covenant provides in part for a restraint with respect to the “ manufacturing or selling transistors, any other form of semiconductors, or any other item currently being manufactured or currently being developed by GKFC or any subsidiary. ’ ’ The allegation in the fourth cause is that the defendants, with intent and purpose to injure, have wrongfully and falsely stated to persons with whom plaintiff, to defendants’ knowledge, is negotiating and participating in the organization of a certain corporation, that under the agreement with the defendant corporation ‘ plaintiff is barred from dealing in any semi-conductor devices whatever except those that may be unheard of at the present time ’ ’. A factual issue is presented. The fourth cause is sufficient. Since it repeats several of the allegations of the second and third causes held to be insufficient, its restatement is required. The motion is granted dismissing the first and second and third causes, and it is denied as to the fourth *614 cause, with, leave to plaintiff to amend the first cause, and the restatement of the fourth cause is directed. Plaintiff will serve an amended complaint within 20 days from service of a copy of this order with notice of entry.